## No. 27591

**Alexander M. Hunter, District Attorney, Twentieth Judicial District, Boulder, Colorado v. District Court in and for the Twentieth Judicial District, State of Colorado, and Honorable Rex H. Scott, District Judge in and for the Twentieth Judicial District, State of Colorado**

(565 P.2d 942)

Decided June 13, 1977.

Alexander M. Hunter, District Attorney, C. Phillip Miller, Deputy, for petitioner.

Miller and Gray, P.C., Daniel C. Hale, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding seeking relief in the nature of mandamus or prohibition pursuant to C.A.R. 21. We issued a rule to show cause. We now discharge the rule as being improvidently granted.

C.A.R. 21 may be utilized where the district court is proceeding without jurisdiction or in excess of its jurisdiction. The issues which are now framed in this court hinge upon the asserted error of the trial judge in consolidating into one count seven counts of theft originally set forth in the criminal information. The consolidation occurred as a result of a defense motion which asserted that the seven thefts alleged in the information were actuated by a single, continuing impulse or intent which was part of a general larcenous scheme or plan.

The skeleton record which has been presented to us prevents a full consideration of the issues and reflects the impropriety of our intervening and disrupting the prosecution and trial of a pending criminal case. The law relating to joinder and severance and that which permits consolidation of charges depends on the facts in each particular case. *See People v. Trujillo*, 181 Colo. 350, 509 P.2d 794 (1973); *see also* Crim. P. 8, 13 and 14; section 18-1-408, C.R.S. 1973; *American Bar Association Standards Relating to Joinder and Severance.*

The issues in this case have been reviewed in previous decisions of this court which provide guidelines for the trial court. *See Gill v. People*, 139 Colo. 401, 339 P.2d 1000 (1959); *Gray v. People*, 139 Colo. 583, 342 P.2d 627 (1959); *Sweek v. People*, 85 Colo. 479, 277 P. 1 (1929).

■ Criminal trials should not be reviewed piece-meal. In this case, the petition for extraordinary relief contains no allegation which would suggest that our intervention is necessary at this time. *See Rogers v. Best*, 115 Colo. 245, 171 P.2d 769 (1946). *See also Cameron v. District Court*, 193 Colo. 286, 565 P.2d 925 (1977).

■ In *Alspaugh v. District Court*, 190 Colo. 282, 545 P.2d 1362 (1976), Justice Groves, speaking for a unanimous court in an arbitration proceeding, said:

"A writ of prohibition under Colo. Const. Art. VI, §3, and C.A.R. 21 is traditionally used to prevent an inferior judicial body from exercising a jurisdiction with which it is not vested. Rule 21(a) in pertinent part reads as follows:

" 'Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue. . . .'

"This extraordinary writ does not include the correction of error made by the trial court. Prohibition may not 'be used to restrain a trial court from committing error in deciding a question properly before it; it may not be used in lieu of a writ of error.' *Prinster v. District Court*, 137 Colo. 393, 325 P.2d 938 (1958)."

*See also DeLong v. District Court*, 151 Colo. 364, 377 P.2d 737 (1963); *Valas v. District Court*, 130 Colo. 21, 273 P.2d 1017 (1954); *In Re Packer*, 18 Colo. 525, 33 P. 578 (1893).

Accordingly, the rule to show cause is discharged as having been improvidently granted.

MR. JUSTICE LEE does not participate.