### No. 27687

### The People of the State of Colorado v. Tom Freeman

(583 P.2d 921)

Decided August 28, 1978.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Carvell & Mullens, Steven U. Mullens, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal from an order by the El Paso County District Court which dismissed a felony menacing charge against the defendant, Tom Freeman. We reverse the order of dismissal.

On April 29, 1976, an information was filed in El Paso County District Court charging the defendant, in two counts, with second-degree assault, section 18-3-203, C.R.S. 1973, and felony menacing, section 18-3-206, C.R.S. 1973. The charges stemmed from a "barroom brawl" which

took place on April 22, 1976, in Widefield, Colorado. At the preliminary hearing on May 10, 1976, evidence was produced which indicated that during the same criminal episode the defendant had also menaced another person, Joe Sochovka. At the close of the preliminary hearing, the case was bound over for trial. Several days later, the district attorney filed a motion to amend the information to add a third count of felony menacing as to the victim, Joe Sochovka. The motion was denied by the trial court under its discretionary powers. Trial was set for May 17, 1977.

On March 4, 1977, the district attorney filed a new information in the El Paso County District Court charging the defendant with one count of felony menacing as to the victim, Joe Sochovka. The actions were joined for trial on March 17, 1977. The defendant filed a motion to dismiss, inter alia, the new felony menacing charge on the ground that it was a violation of Crim. P. 8(a), which provides:

"If several offenses are known to the prosecuting attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the prosecuting attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

The trial court granted the motion and dismissed the third count, finding that the district attorney had "constructive knowledge" of the offense at the time the original charges were filed.

Most of the arguments in the trial court and on appeal were directed to the question of whether the prosecutor is required to have actual or constructive knowledge of the other offenses before the proscription of Crim. P. 8(a) becomes effective. We do not reach this point, since this case must be resolved on other grounds.

■ In their last term, the United States Supreme Court held that jeopardy attaches at the time the jury is sworn, *Crist, Warden, Montana State Penitentiary, et al. v. Bretz, et al.*, _____U.S. _____, _____ S.Ct. _____, _____L.Ed.2d _____, 46 U.S.L.W. 4639 (1978), or when the case is dismissed on grounds relating to criminal liability, *United States v. Scott*, _____U.S. _____, _____S.Ct. _____, _____L.Ed.2d _____, 46 U.S.L.W. 4653 (1978). These rules are applicable to the states under *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ Underpinning Crim. P. 8(a) and its statutory counterpart, section 18-1-408(2), C.R.S. 1973, are concepts tied to double jeopardy. *People v. District Court,* 183 Colo. 101, 515 P.2d 101 (1973). The rule is designed to prevent the state from bringing successive prosecutions for the same criminal conduct and from filing duplicitous charges. *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974). Neither the rule nor the stat-

ute requires the prosecution to set forth all offenses which the defendant has committed and which might be the subject of a criminal charge. *People v. Cooke, supra.*

The proscription contained in Crim. P. 8(a) is against bringing a "subsequent prosecution" based on charges down to the prosecutor at the time he commenced the initial prosecution. In *People v. District Court, supra,* we held that there was no "subsequent prosecution" until jeopardy attached to the initial prosecution.

Turning to the facts of the present case, we note that the dismissal of the third count occured prior to trial. Additionally, the dismissal had nothing to do with the defendant's criminal liability. As such, jeopardy had not attached. The proscription of Crim. P. 8(a) was not applicable because the filing of the third count did not constitute a "subsequent prosecution." *People v. District Court, supra.* Therefore, we hold that the trial judge erred in dismissing the third count of felony menacing.

The defendant has also petitioned this court for an award of attorney's fees, pursuant to Colo. Sess. Laws 1977, ch. 189, 13-16-121 at 796, and Colo. Sess. Laws 1977, ch. 189, 13-17-101 *et seq.* at 796. Neither statute provides for an award of attorney's fees in a criminal case. Section 13-16-121 is by its terms limited to civil actions. Section 13-17-101, *et seq.* allows a court to award attorney's fees to the prevailing party only when that party has been subjected to a frivolous or groundless suit for money damages commenced after July 1, 1977.

Accordingly, the order of dismissal is reversed, and the cause is remanded to the district court for further proceedings, if any.

MR. JUSTICE KELLEY does not participate.