Ralph JEFFREY, Petitioner,

v.

The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT of the State of Colorado, and the Honorable John-David Sullivan, one of the Judges Thereof, Respondents.

No. 80SA476.

Supreme Court of Colorado,
En Banc.

March 23, 1981.

J. Gregory Walta, Colo. State Public Defender, David D. Wymore, Steven R. Gayle, Deputy State Public Defenders, Fort Collins, for petitioner.

Stuart A. Van Meveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Stephen J. Roy, Deputy Dist. Atty., Fort Collins, for respondents.

QUINN, Justice.

In this original proceeding under C.A.R. 21, petitioner Ralph Jeffrey (petitioner) seeks relief in the nature of prohibition in connection with criminal charges of first degree criminal trespass, section 18–4–502, C.R.S.1973 (1978 Repl. Vol. 8), and conspiracy to commit that crime, sections 18–2–201 and 18–4–502, C.R.S.1973 (1978 Repl. Vol. 8), presently pending against him in the district court of Larimer County. Petitioner claims that the prosecution of these charges is barred by the compulsory joinder provisions of section 18–1–408(2), C.R.S. 1973 (1978 Repl. Vol. 8). We issued a rule to show cause and we now make the rule absolute.

I.

The facts underlying this proceeding may be summarized from the preliminary hearing and a subsequent hearing on the petitioner's motion to dismiss. The petitioner was acquainted with Gary Ryder. Ryder learned that the woman with whom he had been living for about a year, Vada Kay Fansler, and the infant he had allegedly fathered by her were residing with another man, Clint Rice, in Rice's house trailer located at 901 West 10th Street in Loveland, Colorado. Ryder became angry at the news and on May 10, 1980, he drove over to the Rice trailer with the petitioner and two others for the purpose of assaulting Rice and removing the child from the residence.

Entry was gained to the trailer by breaking a screen and window on the front door. Ryder entered the trailer first and chased Rice through the trailer and into a nearby yard where he assaulted him. The petitioner then entered the trailer, forcibly took the child from Fansler, striking her in the process, and left the residence.

Officer Martinez of the Larimer County Sheriff's Department was dispatched to investigate the disturbance. On May 12, 1980, he issued a summons and complaint to the petitioner for third degree assault against Fansler, a class one misdemeanor, section 18–3–204, C.R.S.1973 (1978 Repl. Vol. 8). The summons and complaint ordered the petitioner to appear in the Larimer County Court on June 24, 1980, to answer the charge.[1] This charging document was issued pursuant to the statutory simplified procedures for the prosecution of misdemeanors. Section 16–2–101 *et seq.*, C.R. S.1973 (1978 Repl. Vol. 8). The officer also filed a copy of the summons and complaint with the Larimer County Court, which is in the eighth judicial district, and provided the office of the district attorney for that judicial district with a copy of that document, as required by statute.[2] Three days later,

---

1. The summons and complaint incorrectly designated the date of the offense as May 11, 1980, instead of May 10, 1980. The parties agree that the assault occurred on May 10, 1980, after the entry into the trailer home by the petitioner.

2. Section 16–2–104, C.R.S.1973 (1978 Repl. Vol. 8) provides:

"A summons and complaint may be issued by any peace officer for an offense constituting a misdemeanor or a petty offense committed in his presence or, if not committed in his presence, which he has probable cause to believe was committed and probable cause to believe was committed by the person charged. Except for penalty assessment notices, which shall be handled according to the

on May 15, a deputy district attorney for the eighth judicial district filed a direct information in the respondent district court charging the petitioner with the felonies of first degree criminal trespass against the dwelling of Rice on May 10, 1980, and conspiracy to commit first degree criminal trespass on the same day.[3]

On June 24, 1980, the petitioner appeared pro se in the Larimer County Court. A deputy district attorney for the eighth judicial district appearing on behalf of the people executed a written stipulation with the petitioner that upon the petitioner's plea of guilty to third degree assault, a deferred judgment and sentence would enter.[4] Pursuant to this agreement the petitioner tendered a plea of guilty and the court accepted it.

The petitioner appeared in the respondent court with his court appointed attorney for a preliminary hearing on the felony charges on August 12, 1980. The court found probable cause and set the case for arraignment and trial. The petitioner then filed a motion to dismiss the felony charges on the ground that they were based on the same criminal episode as the county court charge of third degree assault and accordingly were barred by section 18–1–408(2). The respondent court heard evidence on the motion and, apparently relying on the "same offense" principle of double jeopardy, denied the motion on the basis that there were "sufficient differences between the charges to justify the separate actions" and "[e]ach activity is sufficiently separate even though one occurred immediately after the other."[5] The petitioner thereafter commenced an original proceeding in this court.

We conclude that while the federal and state constitutional guarantees against double jeopardy do not justify the dismissal of the pending felony charges, the compulsory joinder requirements of section 18–1–408(2) prohibit the prosecution of the petitioner

procedures set forth in section 16–2–201, a copy of a summons and complaint so issued shall be filed immediately with the county court before which appearance is required, and a second copy shall be given to the district attorney or deputy district attorney for the county.

3. Both the petitioner and Ryder were charged with first degree criminal trespass and conspiracy in the same information. Crim.P. 8(b) states that two or more defendants may be charged in the same information if they are alleged to have participated in the same act or series of acts arising from the same criminal episode.

4. Under a deferred judgment and sentence, section 16–7–403, C.R.S.1973 (1978 Repl. Vol. 8), a defendant enters a plea of guilty, and the court accepts the plea at that time. The case is then continued for a period not to exceed two years "for the purpose of entering judgment and sentence upon such plea of guilty." If the defendant violates any condition imposed by the court during the period of deferral, a judgment of conviction may be entered and sentence imposed. Upon full compliance with the court imposed conditions throughout the deferral period, "the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice." Section 16–7–403(2), C.R.S.1973 (1978 Repl. Vol. 8).

A plea of guilty under section 16–7–403(2), when accepted by the court, resolves the issue of guilt and constitutes jeopardy. Only the formal entry of judgment and the imposition of sentence remain. See section 18–1–301(1)(c), C.R.S.1973 (1978 Repl. Vol. 8). A final judgment never has been necessary for the attachment of jeopardy. E. g., Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); Espinoza v. District Court, 180 Colo. 391, 506 P.2d 131 (1973); Maes v. District Court, 180 Colo. 169, 503 P.2d 621 (1972).

5. The order of denial, in its entirety, stated:

"The purpose of § 18–1–408(2) is to prevent the bringing of successive prosecution based upon essentially the same conduct. It is designed to eliminate harassment of the Defendant by multiple criminal actions for the *same* act. It does not eliminate dual jurisdictions from bringing actions based upon the same episode or even the same jurisdictions from dividing the actions into misdemeanors and felonies provided that the particular action of the Defendant is sufficiently different to justify the various charges. Each case must be analyzed to determine if the situation does or does not justify the several charges. In the case at bar there are sufficient differences between the charges to justify the separate actions in the County and District Courts. Each activity is sufficiently separate even though one occurred immediately after the other."

for these offenses and require dismissal of the action.

## II.

■ The United States and Colorado Constitutions prohibit placing an accused twice in jeopardy for the same offense. *U.S.Const.* Amend. V; *Colo. Const.* Art. II, Sec. 18. The circumstances under which an accused is considered to have been twice placed in jeopardy are codified in sections 18–1–301 and 18–1–302, C.R.S.1973 (1978 Repl. Vol. 8). Jeopardy attaches in a jury trial when the jury is sworn, *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), or in a bench trial when the first witness is sworn, *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), or when a plea of guilty has been accepted by the court, *Markiewicz v. Black*, 138 Colo. 128, 330 P.2d 539 (1958); section 18–1–301(1)(c), C.R.S.1973 (1978 Repl. Vol. 8).

■ Section 18–1–301 codifies the "same offense" principle of double jeopardy by prohibiting a subsequent prosecution based on a violation of the same provision of law and upon the same facts as the former prosecution. The pending prosecution for first degree criminal trespass and conspiracy to commit that crime is based on different provisions of law than those underlying the misdemeanor prosecution for third degree assault, and proof of the trespass and conspiracy charges requires evidence different from that essential to establish the crime of third degree assault. *See Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *People v. Mendoza*, 190 Colo. 519, 549 P.2d 766 (1976); *People v. Salas*,

189 Colo. 111, 538 P.2d 437 (1975); *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974); *People v. Bugarin*, 181 Colo. 62, 507 P.2d 875 (1973).

■ Section 18–1–302(1)(a)(II) formalizes the collateral estoppel aspects of double jeopardy by preventing a second prosecution for the same conduct based on a provision of law different from the former prosecution or based on different facts, unless the offense in the subsequent prosecution requires proof of a fact not required by the former prosecution and the law defining each offense is intended to prevent a substantially different harm or evil.[6] *See, e. g., People v. Horvat*, 186 Colo. 202, 527 P.2d 47 (1974). This statutory prohibition does not preclude the pending prosecution. The crimes of first degree criminal trespass and conspiracy to commit first degree criminal trespass require proof of facts different from those required for third degree assault. Also, the felonies of first degree criminal trespass and conspiracy to commit that offense are directed towards the security of one's dwelling while the misdemeanor of third degree assault seeks to protect bodily integrity. Thus, the only possible bar to the pending prosecution is the compulsory joinder provisions of section 18–1–408(2).

## III.

■ While criminal conduct resulting in more than one offense may subject the offender to prosecution for each offense, section 18–1–408(1), C.R.S.1973 (1978 Repl. Vol. 8), the compulsory joinder provisions of section 18–1–408(2) extend further than the constitutional guarantee against double jeopardy and require that all charges be joined in a single prosecution under the following circumstances:

\* \* \* \* \* \*

(II) The same conduct, unless the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of the offenses is intended to prevent a substantially different harm or evil, or the second offense was not consummated when the former trial began."

---

6. Section 18–1–302(1)(a)(II), C.R.S.1973 (1978 Repl. Vol. 8), provides:

"(1) Although a prosecution is for a violation of a different provision of law than a former prosecution or is based on different facts, it is barred by the former prosecution under the following circumstances:

(a) The former prosecution resulted in an acquittal or a conviction as defined in section 18–1–301(1)(a) and (1)(c), and the subsequent prosecution is for:

"If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

█ The purposes of compulsory joinder are to protect the accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings. *E. g., Ruth v. County Court*, 198 Colo. 6, 595 P.2d 237 (1979), *affirming,* 38 Colo.App. 459, 563 P.2d 956 (1977); *People v. Freeman*, 196 Colo. 238, 583 P.2d 921 (1978); *People v. Tulipane*, 192 Colo. 476, 560 P.2d 94 (1977); *People v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973); *Model Penal Code* § 108(2) (Tent. Draft No. 5, 1956); II *ABA Standards for Criminal Justice, Joinder and Severance*, Standard 13-2.3(c), commentary at 13.27-28 (2d ed. 1980). The statute can be broken down into the following elements, all of which must be satisfied in order for the bar to apply to a subsequent prosecution: (1) several offenses committed within the same judicial district; (2) a prosecution against the offender; (3) prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses arising from the same criminal episode; and (5) the offender previously having been subjected to a single prosecution. An analysis of the statutory elements leads us to conclude that the conditions for the statutory bar have been satisfied.

7. Section 18-1-303, C.R.S.1973 (1978 Repl. Vol. 8), and the cases construing it are not applicable to this case. That statute deals with sequential prosecutions for conduct constituting an offense within the concurrent jurisdiction of the state, the United States, another

## A.

There is no dispute over the fact that all offenses filed against the petitioner were committed within the same judicial district. All the offenses occurred in the County of Larimer, which is within the eighth judicial district, section 13-5-109(1), C.R.S.1973, and all offenses constituted violations of state law.[7] The district attorney for the eighth judicial district was involved in the prosecution of the case filed in the Larimer County Court as well as the pending felony proceeding in the respondent court.

## B.

█ The next requirement of the compulsory joinder statute is that there be a prosecution against the offender. Our statutes and rules provide for the initiation of a prosecution for a misdemeanor offense in the county court by the issuance of a summons and complaint. Section 16-2-104, C.R.S.1973 (1978 Repl. Vol. 8); Crim.P. 4.1(b). The petitioner was issued a summons and complaint on May 12, 1980, pursuant to simplified procedures for misdemeanor prosecutions. Thus, the second requirement of section 18-1-408(2) has been satisfied.

## C.

█ The statutory bar of section 18-1-408(2) requires that the several offenses be known to the district attorney "at the time of commencing the prosecution." The critical inquiry here is whether the requirement of prosecutorial knowledge refers to that stage of the criminal proceeding at which a charging document is filed or, instead, to the stage at which jeopardy attaches. We construe the statutory language to mean prosecutorial knowledge at the commencement of the jeopardy phase of the criminal prosecution.

state, or a municipality. *See People v. Hines*, 194 Colo. 284, 572 P.2d 467 (1977); *People v. Talarico*, 192 Colo. 445, 560 P.2d 90 (1977); *People v. Pinyan*, 190 Colo. 304, 546 P.2d 488 (1976).

Under simplified procedures it is not likely that the district attorney would know of the initiation of criminal proceedings by the peace officer's issuance of a summons and complaint. Even with felony filings under Crim.P. 5 and 7, it is conceivable that the district attorney, either because of incomplete investigation or inadvertence, might initiate a prosecution for less than all of the offenses arising from the same criminal episode. A construction of section 18–1–408(2) that permits multiple prosecutions for a series of acts arising from the same criminal episode merely because of prosecutorial lack of knowledge at the filing stage of the first case frustrates the salutary purpose of the joinder requirement. Such a construction rewards prosecutorial inattention to the joinder issue and adds to the accused's burden of defense by prolonging the anxiety and increasing the expenses associated with multiple prosecutions. Furthermore, it proliferates, rather than alleviates, the unnecessary expenditure of criminal justice resources on duplicative prosecutions, the issues of which readily can be resolved in a single case. The joint trial of offenses arising from the same criminal episode "enables the state to avoid the duplication of evidence required by separate trials, to reduce the inconvenience to victims and witnesses, to minimize the time required to dispose of the offenses, and to achieve a variety of other economies in connection with prosecutorial and judicial resources." II *ABA Standards for Criminal Justice, Joinder and Severance*, Standard 13–2.1, commentary at 13.12 (2d ed. 1980).

The overriding purposes of the joinder requirement are achieved by a focus on prosecutorial knowledge at that stage of the initial prosecution at which jeopardy commences. If, at that point, the district attorney has knowledge of other offenses that could have been joined in a single prosecution under Crim.P. 8(a), and had sufficient opportunity to add the additional offenses by amendment under Crim.P. 7(e) or to consolidate separately filed cases into a single prosecution under Crim.P. 13, but took no action in that respect, the district attorney cannot thereafter prosecute the accused for other offenses based on the same act or series of acts arising from the same criminal episode. Such a rule not only protects an accused from unnecessary sequential prosecutions but also safeguards the "ethical and diligent prosecutor from technical, arbitrary bans to subsequent prosecution of companion offenses discoverable too late to permit consolidation." II *ABA Standards for Criminal Justice, Joinder and Severance*, Standard 13–2.3(c), commentary at 13.27–28 (2d ed. 1980).

Liberal amendment and consolidation are particularly appropriate in the context of the statutory joinder requirements of section 18–1–408(2). *See People v. Freeman, supra.* Crim.P. 7(e) authorizes the court to permit an information to be amended as to form and substance at any time before trial. Crim.P. 13 permits the court to order "two or more indictments, informations, complaints, or summons and complaints to be tried together if the offenses ... could have been joined in a single indictment, information, complaint or summons and complaint." In the event the accused objects to the amendment or consolidation and the court denies the prosecutor's motion, section 18–1–408(2) would not bar sequential prosecutions because the failure to join is not the result of prosecutorial neglect. Rather, nonjoinder in that instance results from the accused's opposition to a joint prosecution. *See Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); II *ABA Standards for Criminal Justice, Joinder and Severance*, Standard 13–2.3(c) (2d ed. 1980). Likewise, if the accused consents to successive prosecutions, there is a waiver of his statutory right to joinder in one prosecution. *See United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).

This construction of section 18–1–408(2) follows in the wake of our prior interpretation of the statute. In *People v. District Court, supra*, we noted that section 18–1–408(2) does not prohibit the court from permitting the district attorney to add to a criminal information other counts that

arise from the same criminal episode as the original count so long as the additional counts are filed prior to the jeopardy stage of the prosecution. The compulsory joinder statute, in other words, does not insulate the accused from prosecution for "the same criminal episode offenses" until jeopardy attaches to the first prosecution. *Ruth v. County Court, supra; People v. Freeman, supra; People v. District Court, supra.* Jeopardy attaches upon the court's acceptance of a plea of guilty, *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539 (1958); section 18–1–301(1)(c), C.R.S.1973 (1978 Repl. Vol. 8), and the attachment of jeopardy is what triggers the statutory bar of section 18–1–408(2).

█ In this case the deputy district attorney's knowledge of the misdemeanor prosecution is demonstrated to a certainty by his execution of a written stipulation on June 24, 1980, authorizing the petitioner's entry of a plea of guilty to third degree assault under the deferred judgment and sentence provisions of section 16–7–403, C.R.S.1973 (1978 Repl. Vol. 8). The record also establishes that on May 15, 1980, more than one month prior to the petitioner's entry of the guilty plea, another deputy district attorney filed a direct information in the respondent court charging the petitioner with first degree criminal trespass and conspiracy to commit first degree criminal trespass. Deputy district attorneys have all the powers of the district attorney and matters within the knowledge of those deputies are imputed to the district attorney. *See* section 20–1–202, C.R.S.1973 (1978 Repl. Vol. 8); *DeLuzio v. People,* 177 Colo. 389, 499 P.2d 589 (1972).

█ Prior to the petitioner's entry of the guilty plea to third degree assault the deputy district attorney prosecuting the pending felony charges had sufficient opportunity to file a motion to amend the felony information by adding a third count charging that crime, Crim.P. 7(e), and if granted he then could have moved to dismiss the county court case, Crim.P. 48(a).

Alternatively, a motion to consolidate the misdemeanor case with the felony prosecution could have been filed under Crim.P. 13. In short, simple procedural devices were available to avoid successive prosecutions and to achieve a joinder of all known offenses in a single prosecution. Here, however, the deputy district attorney allowed the petitioner to be placed in jeopardy for third degree assault with imputed knowledge that felony counts were then pending in another case filed by the same district attorney's office. We conclude that the statutory requirement of prosecutorial knowledge of the pending felony offenses at the commencement of the jeopardy stage of the misdemeanor prosecution has been satisfied.

### D.

█ We next consider whether the felony offenses of first degree criminal trespass and conspiracy to commit first degree criminal trespass arose from the same criminal episode as third degree assault. The compulsory joinder requirement of section 18–1–408(2) is broader than both the "same offense" principle of double jeopardy as codified in section 18–1–301 and the collateral estoppel effect of a prior determination of an ultimate fact as outlined in section 18–1–302. The "same criminal episode" terminology of section 18–1–408(2) goes beyond the same act or conduct resulting in more than one crime. *See* II *ABA Standards for Criminal Justice, Joinder and Severance,* Standard 13–1.2, commentary at 13.10 (2d ed. 1980). The test for the "same criminal episode" under section 18–1–408(2) should be identical to the standard for joinder under Crim.P. 8(a), since both the statute and the rule employ practically identical language.[8] For purposes of joinder under Crim.P. 8(a), "a series of acts arising from the same criminal episode" would include physical acts that are committed simultaneously or in close sequence, that occur in the same place or closely related places, and that form part of a schematic whole. II

---

8. The only language difference between section 18–1–408(2) and Crim.P. 8(a) is that the former employs the terminology of "district attorney" and the latter uses "prosecuting attorney."

*ABA Standards for Criminal Justice, Join-*
*der and Severance*, Standard 13–1.2, *supra;*
*see also People v. McCrary*, 190 Colo. 538,
549 P.2d 1320 (1976); *People v. Walker*, 189
Colo. 545, 542 P.2d 1283 (1975).

 The question whether several
criminal acts arise from the same criminal
episode for purposes of the compulsory join-
der statute depends upon an analysis of the
facts of the particular case. *See, e. g., Ruth*
*v. County Court, supra* (1979); *Brutch-*
*er v. District Court*, 195 Colo. 579, 580
P.2d 396 (1978); *Hunter v. District Court*,
193 Colo. 308, 565 P.2d 942 (1977). In
*People v. Tulipane*, 192 Colo. 476, 479,
560 P.2d 94, 96 (1977), we cited as an exam-
ple of compulsory joinder tandem charges
(burglary and theft) arising out of multi-
ple acts committed in close temporal se-
quence and at the same location.[9] Here the
record establishes that the petitioner and
Ryder, while driving over to Rice's trailer in
Loveland, planned and agreed to the assault
of Rice and the removal of the child. Upon
their arrival at the trailer they engaged in
overt acts in pursuance of their illegal
agreement (the conspiracy charge). By law
a conspiracy is deemed a continuing offense
which terminates when the crime or crimes
which are its object are committed. Section
18–2–204, C.R.S.1973 (1978 Repl. Vol. 8).
Ryder and the petitioner unlawfully en-
tered the trailer (the first degree trespass
charge) and immediately thereafter the pe-
titioner struck Fansler while removing the
child from the trailer (the third degree as-
sault charge). Although each offense in-
volved a separate act, the acts themselves
occurred sequentially in a narrow time
frame and in virtually the same place. Cer-
tainly, these offenses are sufficiently relat-
ed as to require their joinder under Crim.P.
8(a) as based on "a series of acts arising
from the same criminal episode."

**E.**

The last inquiry is whether the petitioner
was subjected to a single prosecution for
purposes of the compulsory joinder statute.
*Ruth v. County Court, supra*, settled the
meaning of a single prosecution. Ruth pled
guilty to one traffic offense but thereafter
was subjected to a separate prosecution for
two other traffic offenses arising from the
same criminal episode. In holding that the
subsequent prosecution was barred under
section 18–1–408(2), this court stated:

> "The criminal joinder statute and the
> rules of this court require that the vari-
> ous charges against an accused be prose-
> cuted in a 'single prosecution.' ... A
> 'single prosecution' is a proceeding 'from
> the commencement of the criminal action
> until further prosecution is barred.' ...
> Logically, a 'subsequent prosecution' is a
> second, additional prosecution after the
> conclusion of a 'single prosecution.' Since
> the respondent pled guilty to and was
> sentenced for the offense of driving with-
> out a valid operator's license, prosecution
> of the remaining charges would result in
> a 'subsequent prosecution' in violation of
> the statute." 198 Colo. at ——, 595 P.2d
> at 239.

 Since jeopardy attached to the
initial prosecution by the petitioner's plea
of guilty to third degree assault, a "single
prosecution" has occurred. Where, as here,
all the requirements of section 18–1–408(2)
have been satisfied, that statute serves as a
bar to any subsequent prosecution of the
petitioner for the series of acts arising from
the same criminal episode as the third de-
gree assault. *Ruth v. County Court, supra;*
*People v. Freeman, supra; People v. Tuli-*
*pane, supra; People v. District Court, su-*
*pra.*

---

9. *People v. Tulipane*, 192 Colo. 476, 479 n.2,
560 P.2d 94, 96 n.2 (1977), explained the effect
of section 18–1–408(2) on burglary and theft
charges as follows:

> "The burglary and theft charges ... are re-
> quired to be prosecuted in a single prosecu-
> tion, inasmuch as they are based upon the
> same act or series of acts arising from the
> same criminal episode—the unlawful enter-

ing of a building with intent to commit the
crime of theft, and the subsequent commis-
sion of the crime of theft therein. If the
district attorney elected to prosecute the de-
fendant only on the burglary count, he could
not later in another case prosecute the de-
fendant for the theft which occurred during
the burglary."

The rule to show cause is made absolute and the cause is remanded to the respondent court with directions to dismiss the pending information charging the petitioner with first degree criminal trespass and conspiracy to commit that offense.

