The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Titus Lee DESCHAMP, Defendant-Appellee.

No. 81SA496.

Supreme Court of Colorado, En Banc.

April 18, 1983.

Rehearing Denied May 9, 1983.

Robert L. Russel, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellee.

ROVIRA, Justice.

The sole question for resolution in this case is whether the trial court properly dismissed a charge of possession of a controlled substance on the ground that prosecution was barred by section 18–1–408(2), C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

I.

On July 22, 1981, the defendant, Titus Deschamp, was arrested. In a search inci-

dent to the arrest the police found a lock-blade knife, eleven red and yellow capsules, and some sheets of paper suspected of containing LSD. A field test was performed by the police on the capsules and resulted in a positive reaction for the presence of barbiturates. Neither the identity nor classification of the barbiturate could be ascertained from the field test, and the capsules were sent to the Colorado Bureau of Investigation (CBI) for analysis.

A police report, which included the results of the field test and information that the capsules had been sent to the CBI, was delivered to the Colorado Springs office of the district attorney on July 24, 1981.

On July 27, an information was filed charging the defendant with possession of a Schedule I Controlled Substance (LSD)[1] and carrying a concealed weapon.[2] This filing was assigned case number 81CR1349, and a preliminary hearing was held on August 27, 1981. The People conceded lack of probable cause as to possession of LSD, and the court found probable cause on the concealed weapon charge. The defendant entered a plea of not guilty as to the latter charge.

There is a dispute as to whether the district attorney advised the court and the defendant, at the conclusion of the preliminary hearing, that he would file an additional charge if the CBI report revealed that the capsules were a controlled substance. However, in a subsequent proceeding more fully discussed later in this opinion, the trial court found that the district attorney was offered the opportunity to amend the information, but the offer was declined.

1. Section 12–22–309, C.R.S.1973 (1982 Supp).

2. Section 18–12–105, C.R.S.1973 (1978 Repl. Vol. 8).

3. There is no dispute that the district attorney had knowledge of the defendant's plea of guilty since a deputy district attorney was present in the courtroom when the defendant entered, and the court accepted, his plea.

4. Section 12–22–312(1)(a)(X), C.R.S.1973 (1982 Supp.).

On August 31, the defendant withdrew his plea of not guilty and entered a plea of guilty to the concealed weapon charge.[3]

On September 14, 1981, an information was filed charging the defendant with possession of a Schedule IV Controlled Substance, to wit: flurazepam.[4] This case was assigned number 81CR1670 and arose out of the same criminal episode as the charges in Case No. 81CR1349. It involved the eleven red and yellow capsules that were found on the defendant's person at the time of his arrest on July 22, 1981.

On October 1, a preliminary hearing was held in case number 81CR1670, which resulted in a finding of probable cause. The defendant then moved to dismiss on the ground that the second prosecution was barred under section 18–1–408(2) by his plea of guilty to the concealed weapon charge. After an extensive evidentiary hearing at which the trial court heard the testimony of two police officers and four deputy district attorneys, the motion to dismiss was granted.

In its ruling the court found that the police and the district attorney, through the field test that had been conducted, had probable cause to believe that the eleven capsules contained barbiturates. The court also found that while there was no evidence to support a finding that the district attorney knew the capsules were flurazepam, they could have and should have learned of the specific identity of the capsules prior to the time of the first preliminary hearing.[5]

## II.

Section 18–1–408(2), the compulsory joinder statute, sets forth five components

5. The court also noted that the report of the CBI, dated August 3, 1981, which stated that the eleven capsules contained flurazepam, was available to the district attorney's office before the preliminary hearing in case number 81CR1349.

Moreover, according to the testimony of the deputy sheriff who performed the field test, the capsules bore the word "Dalmane." "Dalmane" is the trade name for flurazepam. See Physicians' Desk Reference (36th ed. 1982).

that must be satisfied in order to activate the prohibition against a subsequent prosecution. *See Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981).[6] Only prosecutorial knowledge of the several offenses at the commencement of the prosecution is here at issue. The People concede that the other requirements of the statute were established.

The People argue that the "knowledge" requirement was not met because they did not have sufficient information at the time the first information was filed "to support a criminal filing regarding the capsules and so declined to file any charge regarding the capsules pending the outcome of the CBI analysis." Further, they contend that it was only after the defendant had entered a guilty plea to the concealed weapon charge that the district attorney's office received the report of the CBI analysis which stated that the capsules contained flurazepam, a Schedule IV Controlled Substance. They conclude their argument by noting that actual notice on the district attorney's part that the capsules contained flurazepam was indispensable to "ethical and legal lodging of the appropriate charge."

In *Jeffrey v. People, supra,* we said that with reference to prosecutorial knowledge the critical point of time is when the jeopardy phase of the criminal prosecution begins and not when the charging document is filed. *See also Corr v. District Court,* 661 P.2d 668 (1983).

Here the trial court found that on August 31, 1981, the day the defendant entered a plea of guilty to the concealed weapon charge, the district attorney had actual knowledge that the capsules were barbiturates (but not that they contained flurazepam).[7] Further, it found that he could have and should have learned of the specific identity of the capsules because the

CBI report was available after August 3, 1981.

While there is some dispute as to what happened when the August 3rd CBI report was received by the district attorney, and what the district attorney's office knew or should have known, the trial court's resolution of these issues is adequately supported by the evidence, and we will not substitute our judgment for that of the trial court.

The judgment of dismissal is affirmed.

---

6. These elements are: (1) several offenses committed within the same judicial district; (2) a prosecution against the offender; (3) prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) several offenses arising from the same criminal episode; and (5) the offender previously having

been subjected to a single prosecution. 626 P.2d at 637.

7. As it turns out, although the field test was "presumptive" for barbiturate, flurazepam does not actually belong to that class of drug.