The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

David GARCIA, Defendant-Appellant.

No. 85CA0229.

Colorado Court of Appeals, Div. II.

Dec. 4, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Garcia) April 6, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Pamela Stross Kenney, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, David Garcia, appeals the judgment of the trial court entered on a jury verdict finding him guilty of second degree assault. We affirm.

On April 30, 1983, police were called to break up a fight outside a bar in Rocky Ford, Colorado. On arrival, the officers arrested defendant, David Garcia, his brother Richard, and Enriquez Birieskas. After the parties had been subdued they were transported to the police station some distance away. After leaving the police cars and while entering the police station, defendant allegedly attacked one of the

arresting officers, Officer Kennedy, causing an injury to his eye. Several other officers got involved in the fight as did defendant's brother. Birieskas stood by and watched the scuffle but did not become involved. Shortly after the incident it was determined that Birieskas was an illegal alien, and consequently, he was immediately turned over to the custody of the United States Immigration Service.

## I.

Defendant, David Garcia, first argues that the trial court erred in denying his motion to dismiss for failure to prosecute in a single proceeding all offenses arising out of the same criminal episode as required by § 18–1–408(2), C.R.S. (1986 Repl. Vol. 8B). We disagree.

Defendant was issued a summons and complaint by the Rocky Ford Police Department charging him with one count of disorderly conduct in connection with the fight he had with Birieskas outside the bar. He appeared on the date ordered, accompanied by counsel, and requested that he be allowed to plead guilty to the charge. The summons and complaint had not been filed in the county court as required by § 16–2–104, C.R.S. (1986 Repl.Vol. 8A) and Crim. P. 4.1, nor was any representative for the People present. The court, nevertheless, allowed defendant to plead guilty to the charge at that time.

Defendant was also charged in the district court, by information, with disorderly conduct in connection with his fight with Birieskas at the bar, and with second degree assault in connection with his fight with Officer Kennedy. The charge of disorderly conduct was dismissed prior to trial.

Defendant's argument that the assault charge should also have been dismissed by the court arises from § 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B), which requires that:

"If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

The elements of the statute which must be satisfied in order to bar a subsequent prosecution are: (1) several offenses, all of which were committed within the same judicial district, and (2) which arose from the same criminal episode, plus (3) an initial prosecution against the offender for less than all of the offenses, which was commenced (4) with prosecutorial knowledge of all of the several offenses, and which (5) has been concluded at the time of the subsequent prosecution. *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981).

■ We conclude that the two offenses did not arise from the same criminal episode. Factors to be considered when making the determination as to whether a series of acts arose from the same criminal episode include whether the physical acts were committed simultaneously or in close sequence, whether they occurred in the same place or closely related places, and whether they formed part of a schematic whole. While these factors are not indispensable prerequisites, they do provide guidance when examining the facts of a particular case.

Here, the two incidents occurred at different times, at different places, with different victims, under different circumstances, and were not part of any schematic whole.

Therefore, the prosecution for second degree assault filed in district court was not barred as a result of defendant's prior guilty plea to a charge of disorderly conduct in county court.

## II.

Defendant next contends that his fundamental right to due process of law and his Sixth Amendment right to compulsory process were violated by the government's prompt deportation of a critical alien witness, Enriquez Birieskas. We disagree.

■ In *United States v. Ricardo Valenzuela-Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982), the Supreme Court held that the mere fact that the govern-

ment deports an alien witness is not sufficient to establish a violation of the compulsory process clause of the Sixth Amendment or the due process clause of the Fifth Amendment. A violation of these provisions requires some showing that the evidence lost would be both material and favorable to the defense in ways not merely cumulative to the testimony of available witnesses.

Following a hearing on this issue, the trial court here concluded that defendant had failed to demonstrate that Birieskas' testimony would have been favorable to him.

The record supports the finding of the trial court, and accordingly, it will not be disturbed on review.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.