**STATE of Utah, Plaintiff and Respondent,**

v.

**Norman HAGA, Defendant and Appellant.**

**No. 20849.**

Supreme Court of Utah.

March 24, 1987.

Nancy Bergeson, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from jury convictions of burglary, a third degree felony, in viola-

tion of U.C.A., 1953,[1] § 76-6-202, and theft, a class B misdemeanor, in violation of § 76-6-404.

Defendant was charged in a single information with burglary, third degree felony theft, and class A misdemeanor attempted theft, all occurring on April 1, 1985. After a preliminary hearing on April 18 on all three charges, the magistrate bound defendant over to district court for trial on the felony counts, but severed the misdemeanor count and retained it in the circuit court for trial. A review of the record does not indicate a clear reason for severance. Defendant was immediately arraigned in circuit court on the misdemeanor count and, on June 7, was arraigned in district court on the felony counts.

On June 20, the district court heard and denied defendant's motion to dismiss the felony counts for lack of a speedy trial. At that time, defendant also argued that it was error for the misdemeanor count to have been severed at the circuit court level. The State then moved to rejoin the misdemeanor count with the felony counts. Defendant, however, objected on the ground of lack of notice. Based upon defendant's objection and in the interest of justice, the court denied the State's motion for joinder.

On June 24, the morning of the circuit court trial, defendant argued that severance was improper and moved to dismiss on other grounds. The court indicated that the parties could either proceed with the trial or join the cases in district court. Both parties elected to go forward with the trial. Defendant thereafter was found guilty on the misdemeanor charge of attempted theft.

On July 26, defendant made a motion in the district court to dismiss the two felony charges. He argued that his trial on the misdemeanor barred a subsequent trial on the felonies since they arose from a single criminal episode as provided in section 76-1-403. The court denied defendant's motion, reasoning that the cases were severed

*to promote justice* under section 76-1-402(2). Defendant thereafter was convicted of burglary, a third degree felony, and theft, a class B misdemeanor.[2] He appeals.

The only issue for us to determine is whether the district court erred in failing to dismiss the two felony charges when defendant had already been tried and convicted in the circuit court of a misdemeanor arising from the same criminal episode.

■ Section 76-1-403 provides that a subsequent prosecution for an offense arising from a single criminal episode is barred if that offense "should have been tried under section 76-1-402(2)" and the former prosecution resulted in conviction. Section 76-1-402(2) provides that a defendant shall not be subject to separate trials for multiple offenses within a single criminal episode *unless the court orders otherwise to promote justice.* Two requirements must be met: First, the offenses must be within the jurisdiction of a single court. Second, the offenses must be known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment. Both parties agree that the two requirements were met and that the three charges were part of a single criminal episode.

Defendant contends that dismissal was mandatory under section 76-1-403 because the offenses should have been tried under section 76-1-402(2) in the former prosecution. Accordingly, this case turns on the interpretation of the words "should have been tried" in section 76-1-403.

■ When sections 76-1-402(2) and 76-1-403 are considered together, it is clear that severance is proper when granted to promote justice. The district court clearly indicated that the reason for denying the State's motion for joinder which was made prior to the first trial was to promote justice. Also, in the absence of any evidence to the contrary, the magistrate's original

---

**1.** Unless otherwise indicated, all statutory citations are to Utah Code Annotated 1953.

**2.** Under section 76-6-411, theft may be classified as a second or a third degree felony or a class A or B misdemeanor, according to the value of the property and the nature of the crime.

 

severance decision should be presumed to have been made to promote justice. Although defendant maintains that the magistrate ordered severance for other reasons, he failed to include the preliminary hearing transcript in the record on appeal. Assignments of error respecting a preliminary hearing cannot be considered by this Court in the absence of record evidence. *State v. Lairby,* 699 P.2d 1187, 1192 (Utah 1984).

It is also significant that Rule 9 of the Utah Rules of Criminal Procedure, § 77–35–9, does not mandate that felonies and misdemeanors which are part of a single criminal episode be tried together, but states that they *may* be joined for trial. Whether joinder would prejudice either party enough to warrant severance is within the court's sound discretion. *State v. Saunders,* 699 P.2d 738, 740–41 (Utah 1985).

Defendant could have made a motion for joinder himself. He also had the opportunity to join in the State's motion for joinder, but instead, chose to oppose it. He also declined the circuit court's invitation to join the cases for trial in the district court. Such opposition can be considered a waiver of any rights he may have had under section 76–1–403.

In summary, the district court did not err in failing to dismiss the felony charges because section 76–1–403 does not mandate dismissal where the counts were properly severed. Since the magistrate severed the counts "to promote justice" and the district court refused to rejoin them for the same reason, the case is not one which "should have been tried under section 76–1–402."

The convictions are affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate Chief Justice, concurs in the result.