## No. 26118

**The People of the State of Colorado v. The District Court in and for the County of Adams, and The Honorable Abraham Bowling, one of the judges thereof**

(515 P.2d 101)

Decided October 23, 1973.

102

Floyd Marks, District Attorney, Ronald M. Andersen, Deputy, Marilyn L. Wilde, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Robert Duval Hicks, Deputy, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding. On November 14, 1972, a felony complaint was filed against one Rick A. White by the District Attorney of the Seventeenth Judicial District in the Adams County Court. The complaint charged White with one offense, first degree criminal trespass. At the preliminary hearing, the county court found insufficient probable cause to bind over the defendant and, therefore, dismissed the complaint.

On April 16, 1973, the district attorney filed a direct information in the District Court for Adams County charging White with first degree criminal trespass and grand theft. White moved to dismiss the grand theft count on the basis that 1971 Perm. Supp., C.R.S. 1963, 40-1-508(2) barred a prosecution of any offense not charged under the original felony complaint. At the hearing on the motion, the district attorney admitted that both counts were based on the same criminal transaction and all facts surrounding this transaction were available to the district attorney prior to the filing of the felony complaint in the county court. Based on these admissions, the district court (respondent herein) held that

1971 Perm. Supp., C.R.S. 1963, 40-1-508(2) compelled the dismissal of the grand theft count.

Pursuant to C.A.R. 21, the district attorney (petitioner herein) filed an original proceeding in this court for a writ of mandamus to compel the district court to reinstate the grand theft count. We issued a rule to show cause. The district court filed its answer, and the matter is at issue before this court. We make the rule absolute.

■■ In dismissing the grand theft charge, the district court relied on 1971 Perm. Supp., C.R.S. 1963, 40-1-508(2), which provides as follows:

"If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a *single prosecution* if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a *subsequent prosecution*." (Emphasis added.)

Respondent argues that since the entire criminal transaction was known to the district attorney at the time of filing the felony complaint, all offenses arising from that transaction, under which the defendant may be prosecuted, must be joined in the original felony complaint in the county court or forever be barred. He reaches this conclusion by construing the words "single prosecution" to encompass the phase of the prosecution from time of filing a felony complaint until its dismissal by the county court and "subsequent prosecution" to include the filing of a direct information after the dismissal of the felony complaint. Thus, if a prosecution was commenced by felony complaint and thereafter dismissed by the county court, only those offenses joined in the complaint could be the basis of a direct information. Such a strained construction of the phrase "single prosecution" does not square with the purpose of the statute or the Colorado Rules of Criminal Procedure.

The Colorado compulsive joinder statute is an adaptation

of Model Penal Code § 108 (2) (Tent. Draft No. 5, 1956). Comments on that section state its purpose:

"Subsection (2) is designed to prevent the state from bringing successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials." The notions of double jeopardy were the underpinnings of this draft and our legislation. *See* Michigan Revised Criminal Code § 150 and commentary thereunder (Final draft, 1967). Traditionally, jeopardy has not attached until the jury has been impaneled and sworn. Only if the district attorney violated the concept of fundamental fairness by repeated filings would the due process clause of the federal and Colorado constitutions require a dismissal. *People v. Abrahamsen,* 176 Colo. 52, 489 P.2d 206. We see no reason to suppose that the legislature intended to extend either of these doctrines to include pre-trial procedure which does not prejudice the substantive rights of the defendant. Nor do we believe that the legislature intended to abrogate Crim. P. 7, which permits the filing of a direct information.

Therefore, we hold that "single prosecution," as used in 40-1-508(2), means those proceedings from the commencement of the criminal action until further prosecution is barred by 1971 Perm. Supp., C.R.S. 1963, 40-1-401 *et seq.* Since a dismissal of a felony complaint by a county court does not bar further prosecution, 40-1-508(2) does not prohibit the filing of a direct information. In our view, Crim. P. 7(b)(3)(ii) allows the district attorney, with the consent of the trial court, to file a direct information joining any or all offenses arising from the criminal episode, where the county court has found no probable cause, irrespective of those offenses joined in the felony complaint in the county court.

Accordingly, the judgment is reversed and the cause is remanded with directions to reinstate the grand theft count.

The rule is made absolute.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.