## No. 27290

## The People of the State of Colorado v. Johnny E. Cisneros

(563 P.2d 355)

Decided May 2, 1977.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian F. Welch, Deputy, for defendant-appellee.

*In Department.*

Opinion by MR. JUSTICE GROVES.

Pursuant to section 16-12-102, C.R.S. 1973, the district attorney appealed a ruling of the district court which dismissed a charge of criminal trespass against the defendant. We reverse.

The defendant was charged originally with attempted burglary, having been arrested on April 17, 1975. Thereafter, he pled not guilty and a trial date of June 23, 1975 was set. On June 23rd the court first held a suppression hearing. At the conclusion of this hearing, a deputy district attorney, then having a question as to whether the defendant was properly charged, moved to amend the information by adding a criminal trespass count. The court denied this request, but granted the district attorney's motion to dismiss without prejudice with leave to refile, reserving the right to rule on the propriety of any refiling. Later on the same day the prosecution filed an information charging the defendant with second-degree burglary and first-degree criminal trespass.

On July 17, 1975, at a preliminary hearing before another district judge, the court dismissed the burglary count for lack of probable cause. The criminal trespass charge was given a trial setting of September 24, 1975. On August 20, 1975, the judge who originally heard the case granted the defendant's motion to dismiss the remaining charge stating:
"[T]he defendant has been in jail since . . . April 17 . . . . It is now August 20. . . . The Court feels that this was not a timely filing of new counts. I do agree . . . that the District Attorney has the right to amend and add new counts. Ordinarily, I think the proper time would certainly be after the preliminary hearing when there is presentation of evidence and the District Attorney has an opportunity to hear the witnesses. A witness . . . testifies and he gets a feel for the case at that time. . . but on the eve of trial and particularly when the defendant is in custody, to then decide that after he hears his witnesses . . . to add new charges, that means two months here to this point. If we were to reset this for trial, it would probably be another two or three months. I don't feel this is timely."

The second information appears to contain new charges. Treating it, however, as an amended information, the trial date of September 24, 1975 was well within the 6-month requirement of Crim.P. 48(b) and section 18-1-405, C.R.S. 1973.

The rule and the statute define the parameters of the right to a speedy trial. *See Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975). Here, the defendant's right to a speedy trial was not violated.

Crim.P. 48(b) provides that a court may dismiss an information if there has been unnecessary delay in filing it. It cannot be said that the prosecution was guilty of unnecessary delay in failing to discover until the

suppression hearing (held approximately one month after arraignment) that another charge was appropriate. Obviously, there was no unnecessary delay when the deputy district attorney filed the new information later on the same day that the preliminary hearing was held. The dismissal by the district court, therefore, cannot be predicated upon this portion of Rule 48(b).

The defendant relies upon section 18-1-408(2), C.R.S. 1973 which reads:

"If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

This statute does not prevent prosecution for criminal trespass under the circumstances of this case. *People v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973).

The judgment is reversed and the cause remanded with directions to reinstate the criminal trespass charge against the defendant and to proceed.

MR. JUSTICE KELLEY, MR. JUSTICE LEE and MR. JUSTICE CARRIGAN concur.