## No. 79SA274

## The People of the State of Colorado v. George E. Chatfield
(612 P.2d 516)

Decided May 19, 1980.                    Rehearing denied July 14, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Susan P. Mele-Sernovitz, Assistant

Attorney General, Appellate Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The defendant George E. Chatfield appeals his convictions for first-degree kidnapping, conspiracy to commit aggravated robbery, attempted aggravated robbery and felony menacing arising from an attempted bank robbery and flight. Under section 13-4-110, C.R.S. 1973, the case was transferred here from the Court of Appeals. We affirm the conviction for first-degree kidnapping and the convictions relating to the attempted bank robbery.

On September 7, 1976, the defendant and James Pardue, posing as Colorado Department of Revenue employees, met with the president of the First Westland National Bank in Lakewood, Colorado. As the would-be revenue agents and the bank president sat down in a bank conference room, Pardue showed the president a gun and a police call scanner in his briefcase. When Pardue closed the briefcase, the president ran from the conference room. He called for help as he ran into the lobby of the bank pursued by the defendant and Pardue. The two men fled from the bank to a car in the parking lot. Either the keys were locked in the car, or the defendant could not find the key quickly enough, and Pardue, followed by the defendant, ran on to a nearby grocery store parking lot.

It was raining hard, and Pardue ran up to a woman who had just put her groceries in her car. He pointed a gun at her and told her, "I'm sorry, I have to take you and your car." She moved over on the front seat, and when told by Pardue, unlocked the door on the passenger side and the defendant got in. With Pardue driving, the car left the shopping center as a number of police cars arrived.

When the woman saw the police cars, she became frightened and asked to be let out. The driver asked if the police were following; both the defendant and the woman looked, and replied that they were not. Several blocks from the shopping center, Pardue stopped the car. The defendant got out and let the woman out of the car. She testified that she was neither physically nor verbally abused.

About three weeks later, F.B.I. agents, investigating bank robberies and an attempt to obtain false identification, found that a man named

Wayne Epperly was living in an apartment at 1393 Jamaica in Aurora. The manager of the apartment identified a photograph of Wayne Rux, a fugitive suspected in a California bank robbery, as her tenant, Wayne Epperly. The agents staked out the apartment. When Wayne Epperly and another man drove up, they were arrested immediately. Wayne Epperly, in act, was George Chatfield, and the driver of the car was his partner, James Pardue.

At the time of the arrest, the agents saw a brochure from the First Westland National Bank and a police call scanner in the car. The defendant consented to a search of his apartment. The search produced two false identification cards from the Colorado Department of Revenue and several pistols.

Chatfield was charged with conspiracy to commit aggravated robbery, section 18-2-201, C.R.S. 1973 (1978 Repl. Vol. 8); conspiracy to commit theft, section 18-2-201, C.R.S. 1973 (1978 Repl. Vol. 8); attempted aggravated robbery, section 18-2-101, C.R.S. 1973 (and 1976 Supp.; current version in 1978 Repl. Vol. 8); attempted theft, section 18-2-101, C.R.S. 1973 (and 1976 Supp.; current version in 1978 Repl. Vol. 8); felony menacing, section 18-3-206, C.R.S. 1973 (current version in 1978 Repl. Vol. 8); first-degree kidnapping, section 18-3-301, C.R.S. 1973 (now in 1978 Repl. Vol. 8); and violent crime, section 16-11-309, C.R.S. 1973 [1976 Supp.; current version in 1978 Repl. Vol. 8 (1979 Supp.)]. He pled not guilty by reason of insanity. He was found sane by a jury, and before the first trial on the merits, the charges of conspiracy to commit theft and attempted theft were dismissed. A jury then found the defendant guilty of conspiracy to commit aggravated robbery, attempted aggravated robbery and felony menacing. The jury was unable to reach a verdict on the first-degree kidnapping and violent crime charges. The judge declared a mistrial. A different jury found the defendant guilty of first-degree kidnapping and not guilty of violent crime.

The trial court sentenced the defendant to forty-five to fifty years in the penitentiary for kidnapping, indeterminate to ten years for the conspiracy to commit aggravated robbery, indeterminate to five years for the attempt to commit aggravated robbery, and indeterminate to five years for felony menacing, these sentences to be served concurrently.

The defendant contends on appeal that there was insufficient evidence to support a first-degree kidnapping conviction. He also contends that the trial court erred in failing to suppress evidence admitted at both trials on the merits.

## I.

The defendant argues that the evidence was insufficient to support a conviction of first-degree kidnapping on two bases: (1) this was not a classic ransom situation as contemplated by the language of the statute, and (2) the facts establish nothing more than second-degree kidnapping.

The first-degree kidnapping statute, section 18-3-301, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides:

"(1) Any person who does any of the following acts with the intent thereby to force the victim or any other person to make any concession or give up anything of value in order to secure a release of a person under the offender's actual or apparent control commits first degree kidnapping:

"(a) Forcibly seizes and carries any person from one place to another."

In *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980), we determined that the first-degree kidnapping statute is not limited to ransom situations and established that the statute must be strictly construed. Therefore, we must review the sufficiency of the evidence establishing first-degree kidnapping.

■ The People argue that the intent for first-degree kidnapping is established because the defendant intended to force the victim to give up her car in order to secure her release. The record supports this claim. It discloses that the defendant and his partner needed to escape the scene of the attempted bank robbery, and their intent was to secure a means of escape. The woman taken with the car was required to give up the car in order to secure her release. The record also establishes that the woman was moved from one place to another. Section 18-3-301(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8). The movement was more than incidental and substantially increased the risk of harm to the victim. The evidence shows the intent necessary to support first-degree kidnapping.

## II.

Defendant also argues that in both trials the court erred in failing to suppress the evidence obtained from the car and the apartment. He alleges that because the F.B.I. agents were without probable cause to arrest him, the evidence obtained subsequent to the arrest must be suppressed. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962).

■ The defendant's position is that the information upon which his arrest was based was derived from unidentified sources and relayed through law enforcement officials to the F.B.I. Thus, he claims, the "fellow officer" rule cannot be used to justify his arrest. *People v. Corbett,* 190 Colo. 388, 547 P.2d 1264 (1976). Although some of the information in the possession of the F.B.I. may not have been reliable, there was sufficient showing of first-hand information to justify the arrest. The agents had a valid arrest warrant for a fugitive bank robber who looked enough like the defendant to be his twin. The manager of the apartment building identified the picture of the fugitive as a picture of the defendant. The F.B.I. agent in charge of the First Westland National Bank robbery investigation was present at the arrest of the defendant and his companion, and he had eye witness descriptions of them. The police call scanner and the bank brochure in the car confirmed the agent's contemporaneous recognition of the defendant and his companion as the men who attempted

to rob the First Westland National Bank.

The determination of probable cause depends upon the facts within the officer's knowledge. *People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977). The agents here had probable cause for the arrest. The scanner and brochure in plain view in the car were not the fruits of an illegal arrest, and the trial court properly admitted them into evidence. In addition, the items seized during the consent search of the defendant's apartment were admissible.

Judgment affirmed.