**George E. CHATFIELD, Appellant,**

v.

**COLORADO COURT OF APPEALS, Chief Judge Aurel M. Kelly, Judge Dale P. Tursi and Judge Karen S. Metzger; Jefferson County District Court and Judge Michael C. Villano; the Colorado Attorney General; and William Wilson, Superintendent, Centennial Correctional Facility, Appellees.**

No. 88SC196.

Supreme Court of Colorado,
En Banc.

June 19, 1989.

Rehearing Denied July 24, 1989.

George E. Chatfield, Canon City, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for appellees.

LOHR, Justice, delivered the Opinion of the Court.

The appellant, George E. Chatfield, seeks review of the district court's discharge of a writ of habeas corpus issued on the appellant's pro se petition. In his petition, Chatfield alleged that his 1977 prosecutions in Jefferson County for conspiracy to commit aggravated robbery, attempted aggravated robbery, felony menacing, and first degree kidnapping were barred by section 18-1-303(1)(b), 8B C.R.S. (1986),[1] because of the previous dismissal of a federal charge of bank robbery arising from the same incident. The district court discharged the writ without addressing the merits of Chatfield's section 18-1-303(1)(b) claim. We conclude that the district court erred in failing to address the applicability of section 18-1-303(1)(b). However, we determine that Chatfield's claim finds no support in the statute, and we therefore affirm the dismissal of his petition.

---

1. Under specified circumstances, section 18-1-303(1)(b) bars a state prosecution following a federal prosecution for conduct constituting an offense within the concurrent jurisdiction of this state and the United States. § 18-1-303(1)(b). *See* note 3 below.

## I.

### A.

On September 7, 1976, Chatfield and an accomplice, James Pardue, attempted to rob the First Westland National Bank in Lakewood, Colorado. Their efforts were foiled when the bank president ran and called out for help. The would-be robbers then tried to make their escape. However, Chatfield was unable to locate the keys to the getaway car, so he and Pardue ran to a nearby parking lot where they accosted a woman entering her car and commandeered the vehicle. Chatfield and Pardue forced the woman to accompany them, but later released her after traveling several blocks from the parking lot.

Chatfield and Pardue were arrested by F.B.I. agents three weeks later. A complaint was filed in the United States District Court for the District of Colorado charging the pair with attempted bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (1982). The federal court granted Chatfield's motion for the appointment of a psychiatrist to examine him and determine his competency to stand trial pursuant to 18 U.S.C. § 4244 (1982) (now codified at 18 U.S.C. § 4241 (1987 Supp. V)). The court-appointed psychiatrist concluded that Chatfield "probably ha[d] a chronic schizophrenia" and was "quite unable to stand trial" since he could not understand the proceeding against him and could not properly assist in his defense.

Thereafter, pursuant to the United States Attorney's motion, the federal district court dismissed the complaint filed against Chatfield and ordered his discharge to the Denver Police Department to be held for extradition proceedings on a then-pending detainer filed by the state of Missouri. While the record is unclear on the point, Chatfield contends that the federal charge against him was dismissed because the federal prosecutor did not wish to pursue the charge in light of the psychiatrist's incompetency finding. In the instant proceeding, the Colorado Attorney General does not dispute the correctness of that characterization of the reason underlying the dismissal of the federal charge against Chatfield.

Subsequent to dismissal of the federal charge, Chatfield was charged in Jefferson County with conspiracy to commit aggravated robbery, conspiracy to commit theft, attempted aggravated robbery, attempted theft, felony menacing, first degree kidnapping, and violent crime. These charges arose from the same incident at the First Westland National Bank that gave rise to the federal bank robbery charge. Chatfield pled not guilty by reason of insanity to the Jefferson County charges. A jury found him sane. The charges of attempted theft and conspiracy to commit theft were dismissed before the trial on the merits. A jury then found Chatfield guilty of conspiracy to commit aggravated robbery, attempted aggravated robbery, and felony menacing. Because the jury was unable to reach a verdict on the first degree kidnapping and violent crime charges, the trial court declared a mistrial on these two charges. On retrial, a different jury found Chatfield guilty of first degree kidnapping and not guilty of a crime of violence. Chatfield was sentenced to a term of forty-five to fifty years incarceration on the kidnapping conviction, an indeterminate to ten year term for conspiracy to commit aggravated robbery, an indeterminate to five year term for the attempted aggravated robbery, and an indeterminate to five year term for felony menacing, with all sentences to be served concurrently.

### B.

After his trial, Chatfield filed a series of postconviction motions and appeals, which led to the instant habeas corpus proceeding in the Jefferson County District Court. We summarize these postconviction proceedings to provide the context in which Chatfield filed the petition for habeas corpus upon which the present appeal is based.

Shortly after entry of the judgment of conviction, Chatfield filed in the trial court a Crim.P. 35 motion for postconviction relief. The motion was denied, and Chatfield then appealed his convictions to this court. We affirmed, holding that the evidence was

sufficient to support his kidnapping conviction and that the trial court did not err in failing to suppress certain evidence. *People v. Chatfield*, 199 Colo. 530, 612 P.2d 516 (1980).

Next, in September 1980 Chatfield filed a petition for habeas corpus in the United States District Court for the District of Colorado, alleging fourth amendment search and seizure violations, a double-jeopardy claim arising from the deadlocked jury and subsequent kidnapping conviction on retrial, violations of equal protection and due process of law, and deprivation of fifth, sixth and fourteenth amendment rights to a fair trial because of failure to instruct the jury on the lesser-included offense of second degree kidnapping. The federal district court denied the petition, and the Tenth Circuit Court of Appeals affirmed. *Chatfield v. Ricketts*, 673 F.2d 330 (10th Cir.), *cert. denied*, 459 U.S. 843, 103 S.Ct. 96, 74 L.Ed.2d 88 (1982).

Chatfield then filed a second habeas corpus petition in the United States District Court for the District of Colorado in December 1983. In this petition, Chatfield alleged that his state prosecutions were precluded by a federal incompetency determination, and that the state prosecutions were barred by section 18–1–303, 8B C.R.S. (1986). The federal district court dismissed the petition for lack of federal jurisdiction since these issues had not been previously raised in the state courts. In dictum, the court also noted that Chatfield's claim was without merit since a federal incompetency determination would not preclude a contrary determination in a state proceeding. In an unpublished order the Tenth Circuit affirmed the district court's dismissal on the jurisdictional ground.

In the summer of 1984, Chatfield filed a habeas corpus petition in the Fremont County District Court, claiming that double jeopardy and collateral estoppel under section 18–1–303(1)(b) precluded his state prosecutions. Chatfield also alleged a conspiracy to convict him and a failure to provide him with exculpatory evidence. The Fremont County District Court dismissed Chatfield's petition on the basis that it should have been filed in Jefferson County. The court did not reach the merits of his claims. Chatfield did not pursue a direct appeal of this dismissal, but instead filed an original proceeding in this court seeking a writ of habeas corpus under C.A.R. 21. We denied Chatfield's petition.

Persisting in his efforts to obtain a post-conviction hearing on his section 18–1–303 claims, Chatfield filed a third petition for habeas corpus in the United States District Court for the District of Colorado in October 1984. The federal court again dismissed the petition for want of federal jurisdiction, noting that Chatfield still had a Crim.P. 35 remedy available in state court.

In July 1985, Chatfield filed a Crim.P. 35 motion in Jefferson County District Court, asserting a double jeopardy claim under section 18–1–301(1)(b)[2] based on his retrial after the declaration of mistrial on the kidnapping and crime of violence charges. The district court denied Chatfield's motion without a hearing, and the court of appeals summarily affirmed. *People v. Chatfield*, No. 85CA1352, slip op. at 1 (Colo.App. Nov. 6, 1986) (unpublished).

In November 1985, the habeas corpus petition at issue here was filed by Chatfield in Jefferson County District Court. Chatfield alleged that in the proceedings that resulted in his convictions, the trial court lacked jurisdiction since his prosecution was barred by section 18–1–303(1)(b). He further alleged that because of the purported bar of section 18–1–303(1)(b), the

---

**2.** Section 18–1–301(1)(b) provides that a second trial is barred by a former prosecution for the same offense.

 (1) If a prosecution is for a violation of the same provision of law and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

 . . . .

 (b) The former prosecution was terminated by a final order or judgment for the defendant that has not been set aside, reversed, or vacated, and that necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

§ 18–1–301(1)(b), 8B C.R.S. (1986).

original state prosecution was vindictive and malicious, and that the prosecution failed to turn over "exculpatory evidence" relating to the dismissal of the federal charge against him.

At the hearing on the writ of habeas corpus issued on Chatfield's petition, the district court stated that a habeas corpus proceeding is a "narrow hearing," and the only questions before the court are whether the original trial court had jurisdiction over the case and whether the sentence imposed was within the statutory limits. The district court summarily concluded that the original trial court had jurisdiction and that the sentence imposed was within the legal limits, and it therefore discharged the writ. The district court did not address the specific statutory claim raised by Chatfield. Moreover, the district court noted that Chatfield's claims were appropriate under Crim.P. 35(c) but not under a habeas corpus petition. The court further stated that Chatfield's claims had been ruled on a "number of times" and that it did not intend to deal with the claims "under the guise of a petition for writ of habeas corpus."

Chatfield appealed the discharge of the writ to the Colorado Court of Appeals. In February 1986, the court of appeals filed with this court a request for determination of jurisdiction. We ordered the court of appeals to retain jurisdiction. Two years later, the court of appeals dismissed Chatfield's appeal, noting that under section 13-4-102(1)(e), 6A C.R.S. (1987), it lacked jurisdiction to review a judgment of a district court in a matter involving a petition for habeas corpus. *Chatfield v. Jefferson County District Court*, No. 85CA1759, slip op. at 1 (Colo.App. Mar. 17, 1988) (unpublished).

In May 1988, Chatfield filed a petition for certiorari in this court to review the court of appeals' dismissal of his appeal. We treated Chatfield's certiorari petition as a request to transfer his appeal to this court. We then granted the transfer, accepted jurisdiction over the appeal, and stayed issuance of a mandate by the court of appeals.

## II.

The essence of Chatfield's claims is that the dismissal of the federal bank robbery charge against him amounts to a "final order or judgment for the defendant" which, under section 18-1-303(1)(b), bars a subsequent state prosecution for conduct constituting an offense within the concurrent jurisdiction of this state and the United States. Section 18-1-303(1)(b) provides that when conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States, then a federal prosecution is a bar to a subsequent state prosecution in certain circumstances. One of those circumstances is when the "former prosecution was terminated by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and that necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted." § 18-1-303(1)(b), 8B C.R.S. (1986).[3] Our review of Chatfield's claim leads us to con-

3. The full text of section 18-1-303 provides:

(1) If conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States, or another state, or of a municipality, a prosecution in any other of these jurisdictions is a bar to a subsequent prosecution in this state under either of the following circumstances:

(a) The first prosecution resulted in a conviction or an acquittal as defined in section 18-1-301(1)(a) and (1)(c), and the subsequent prosecution is based on the same conduct, unless:

(I) The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil; or

(II) The second offense was not consummated when the former trial began.

(b) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and that necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted.

clude that section 18–1–303(1)(b) is not a bar to the state prosecutions in this case. Accordingly, we affirm the discharge of the writ of habeas corpus issued on Chatfield's petition.

### A.

Before considering the merits of Chatfield's claim, we must address the attorney general's contention that the discharge of the writ was proper since Chatfield failed to assert a claim for relief available in a habeas corpus proceeding. The attorney general argues that a petitioner may obtain habeas corpus relief under sections 13–45–101 to 119, 6A C.R.S. (1987), the Habeas Corpus Act, only if he demonstrates that the trial court lacked jurisdiction or that the sentence imposed exceeded the statutory maximum. *See, e.g., White v. Rickets,* 684 P.2d 239, 242 (Colo.1984) (judicial inquiry in habeas corpus proceeding is generally limited to validity of petitioner's confinement at the time of hearing); *Stilley v. Tinsley,* 153 Colo. 66, 83, 385 P.2d 677, 686–87 (1963). Further, the attorney general argues that section 18–1–303 does not deprive a court of jurisdiction and therefore Chatfield's petition did not challenge the court's jurisdiction and was properly dismissed.

■■■ We agree that section 18–1–303 cannot function to deprive a district court of jurisdiction over a defendant or a charged offense. Jurisdiction over the offense is determined pursuant to section 18–1–201, 8B C.R.S. (1986). The presence of the defendant in court is sufficient to confer jurisdiction over his person. *See Bell v. Bower,* 199 Colo. 195, 196, 606 P.2d 74, 74 (1980). In the instant case, the defendant was present in court and jurisdiction over the offenses was proper under section 18–1–201(1)(a) (providing jurisdiction over offense "committed either wholly or partly within the state"). Section 18–1–

303, on which Chatfield relies, provides only that in certain instances a prior federal prosecution "is a bar to a subsequent prosecution in this state." Thus, section 18–1–303 provides a complete defense to a subsequent state prosecution within the provisions of the statute. Nothing in section 18–1–303 indicates that this complete defense acts to divest the state court of jurisdiction. If a section 18–1–303 defense is raised, the state court must determine whether the statutory bar applies. If it does apply, then the charges must be dismissed; if section 18–1–303 does not bar the action, then the court must proceed to hear the case. In either instance, the state court maintains jurisdiction to determine the proper disposition of the case.

■■■ Despite the fact that section 18–1–303 does not deprive a district court of jurisdiction, this alone is not a sufficient ground for discharging the writ of habeas corpus without reaching the merits of Chatfield's claim. Although not stating a claim for relief under habeas corpus, Chatfield's petition does allege that his conviction was obtained in violation of the laws of this state. Such a claim may be pursued through a motion for postconviction relief under Crim.P. 35(c)(2)(I). In *White v. Denver District Court,* 766 P.2d 632 (Colo. 1988), we held that an improperly filed pro se habeas corpus petition should be treated as a Crim.P. 35(c) motion in order to provide review on the merits of the claims raised by the petitioner. 766 P.2d at 634. Similarly, Chatfield's pro se petition should have been treated as a Crim.P. 35(c) motion in order to reach the merits of the petition.[4] As in *White,* precluding Chatfield from obtaining review based solely on the form of his petition is contrary to the general policies underlying postconviction remedies and does not serve the interests of finality or judicial economy.[5] Accordingly, we con-

---

**4.** Although the issue was not raised in *White,* 766 P.2d 632, Crim.P. 35(c)(3) calls for the Crim.P. 35 motion to be filed in "the court which imposed sentence." Because Chatfield's pro se habeas corpus petition was filed in the Jefferson County District Court (the same court which imposed his sentence), Crim.P. 35(c)(3)

does not preclude treating Chatfield's pro se habeas corpus petition as a Crim.P. 35(c) motion for postconviction relief.

**5.** *See ABA Standards for Criminal Justice* 22–4.2 n. 1 (1980) (commentary) ("An applicant whose pleading is dismissed as insufficient is induced

clude that the trial court should have treated Chatfield's habeas corpus petition as a Crim.P. 35(c) motion in order to address the merits of his section 18–1–303 claim. Therefore, Chatfield's claims were properly before the trial court and may be addressed on appeal here.

### B.

 Next, the attorney general contends that consideration of Chatfield's present postconviction claim should be precluded by Chatfield's previous attempts to obtain postconviction relief. We disagree.

We addressed a similar contention in *People v. Billips*, 652 P.2d 1060 (Colo. 1982), where we considered whether an unsuccessful appeal of a previous motion for postconviction review would preclude further postconviction motions. We determined the appropriate consideration to be whether a defendant's claim has been "fully and finally litigated in the prior postconviction proceeding." *Id.* at 1063. In the context of an appeal of a previous denial of a postconviction motion, a matter is "fully and finally litigated" when the highest court to which a defendant can appeal as of right has ruled on the merits of the claim. *Id.*

In this case, although Chatfield has raised the section 18–1–303 claim in previous postconviction proceedings, the procedural history set out above demonstrates that neither the Fremont County District Court nor the Jefferson County District Court ruled on the merits of Chatfield's 18–1–303(1)(b) claim, and no such ruling was made by any appellate court to which that issue was addressed.[6] Thus, under the circumstances here, Chatfield should

not be precluded from seeking a determination of the merits of his claim notwithstanding his assertion of the claim in prior proceedings. *People v. Billips*, 652 P.2d at 1063–64. We therefore proceed to consider the section 18–1–303 claim raised by Chatfield.

### C.

 Chatfield argues that the Jefferson County prosecutions arising out of the attempted bank robbery incident were barred by section 18–1–303(1)(b). Chatfield's contention is that the federal bank robbery charge and its subsequent dismissal constituted a "former prosecution" which was "terminated by an acquittal or by a final order or judgment for the defendant" within the meaning of section 18–1–303(1)(b). We disagree with Chatfield's characterization of the preclusive effect of the federal charge and dismissal.

 Section 18–1–303(1)(b) is intended to codify federal and state prohibitions against double jeopardy. *See People v. Wright*, 742 P.2d 316, 318 n. 5 (Colo.1987). This section bars a subsequent state prosecution when a former federal prosecution "was terminated by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and that necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted." Under the plain language of the statute, as relevant here, the bar of section 18–1–303 is not invoked unless there is a "subsequent prosecution" within the concurrent jurisdiction of the United States and of this state.[7] In *People*

---

to try again with a better pleading. This is not conducive to real finality, which follows from dispositions on the merits rather than on the quality of the pleadings.").

**6.** Although Chatfield previously raised his section 18–1–303(1)(b) claim in a habeas corpus petition filed in Fremont County District Court in June 1984, that court did not reach the merits of his claim since it denied his petition on jurisdictional grounds. Moreover, Chatfield did not pursue a direct appeal from this ruling of the Fremont County District Court. Thus, no

appellate court has ruled on the merits of his section 18–1–303(1)(b) claim.

**7.** Under well-established federal law, both the state and federal governments may prosecute a person for the same offense without violating the double jeopardy prohibition of the federal constitution. *People v. Hines*, 194 Colo. 284, 290, 572 P.2d 467, 471 (1977) (citing *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), and *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959)). However, over half the states prohibit a state prose-

*v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973), we held that there is no "subsequent prosecution" unless jeopardy attached in the initial prosecution. *Id.* at 103–04, 515 P.2d at 103 (interpreting predecessor to § 18–1–408(2) prohibiting multiple prosecutions for offenses based on same act or series of acts arising from same criminal episode). Generally, jeopardy attaches in a prosecution when the jury is sworn in a jury trial, or when the first witness is sworn in a bench trial. *Jeffrey v. District Court*, 626 P.2d 631, 636 (Colo. 1981). Jeopardy does not attach when a charge is dismissed on grounds unrelated to a defendant's criminal liability. *People v. Freeman*, 196 Colo. 238, 241, 583 P.2d 921, 923 (1978).

In the instant case, the federal charge against Chatfield was dismissed on the United States Attorney's motion prior to the commencement of trial. The dismissal was for the stated purpose of permitting Chatfield to be extradited to Missouri to face charges there. Thus, the dismissal was unrelated to Chatfield's criminal liability, and jeopardy did not attach in the federal prosecution. *See People v. Freeman*, 196 Colo. at 241, 583 P.2d at 923. Additionally, jeopardy did not attach since the record is clear that the case was dismissed before trial so that no jury was sworn (criterion if a jury trial) and no witness was sworn (criterion if a bench trial). *Jeffrey v. District Court*, 626 P.2d at 636. Because jeopardy never attached in the federal prosecution, Chatfield's Jefferson County prosecutions did not amount to subsequent prosecutions within the prohibition of section 18–1–303(1)(b).

■ Chatfield also argues that because the federal charge was allegedly dismissed based on his incompetency to stand trial, this dismissal amounted to a final order precluding any state prosecution arising from the attempted bank robbery. Apparently, Chatfield contends that there was an "incompetency determination"[8] equivalent to a judgment of no culpability. Chatfield's argument here misconstrues the differences between an incompetency determination and a finding of not guilty by reason of insanity.

■ A finding of incompetency to stand trial merely abates a criminal action until the defendant is restored to competency or released. 18 U.S.C. § 4241(d); *see Coolbroth v. District Court*, 766 P.2d 670, 672 (Colo.1988) (describing analogous Colorado competency procedures); *Parks v. District Court*, 180 Colo. 202, 206, 503 P.2d 1029, 1031 (1972) (same). A finding of incompetency is thus distinguished from a finding of not guilty by reason of insanity, which is an affirmative defense relieving the defendant of criminal responsibility for his conduct. *Coolbroth*, 766 P.2d at 672–73. Moreover, "[t]he determination of legal competency by a federal court is limited to· the purposes of a criminal trial *in that court.* It has no general effect outside those criminal proceedings." *United States v. Clark*, 617 F.2d 180, 184 n. 5 (9th Cir.1980) (emphasis added). Therefore, even assuming that the federal dismissal was equivalent to an incompetency determination, such a determination would not pose a bar under section 18–1–303(1)(b) to the Jefferson County prosecutions · since this determination is not dispositive of criminal liability nor does it have any general preclusive effect.

■ Next, Chatfield contends that section 18–1–303(1)(b) places a burden on the prosecution to show that any prior pro-

cution following a federal prosecution of the same offense based either on state statutes (the majority) or state constitutional provisions (the minority). Y. Kamisar, W. LaFave, & J. Israel, *Modern Criminal Procedure* 1431 (6th ed.1986). Thus, Chatfield's state prosecution could be barred only by a provision of state law in this case.

8. Despite Chatfield's argument, his petition reveals that there was never a hearing or a formal determination of incompetency by the federal

court as required by 18 U.S.C. § 4241(c), (d) (1987 Supp. V) (current version of 18 U.S.C. § 4244 (1982)). Instead, the charges were dismissed after the psychiatrist's report obtained pursuant to 18 U.S.C. § 4241(b) was filed with the court. This lack of a formal determination of incompetency further undercuts Chatfield's assertion that the dismissal of the federal charge was based on grounds relating to criminal liability.

ceedings did not act as a bar to the present action. Although the prosecution has the burden of proving every element of a criminal charge, *e.g., People v. Vinnola,* 177 Colo. 405, 415, 494 P.2d 826 (1972), there is no requirement that the prosecution establish the nonexistence of potential defenses not raised by the defendant. *See* Crim.P. 12(b)(2) ("Defenses and objections based on defects in the institution of the prosecution ... may be raised only by motion.... Failure to present any such defense or objection constitutes a waiver of it...."). Thus, the burden of going forward and raising defenses related to alleged defects in the initiation of the prosecution, e.g., that the prosecution is barred by section 18–1–303(1)(b), is with the defendant. If such a defense is raised, then the burden is on the prosecution to disprove the existence of the alleged defects in the prosecution. In the present case, nothing in the record or Chatfield's petition indicates that he raised the bar of section 18–1–303(1)(b) at his trial on the Jefferson County charges. Under the circumstances here, where Chatfield did not raise this defense at trial and where the lack of a prior federal prosecution is not an element of any of the Jefferson County charges, the prosecution was not required to show that any prior proceedings did not bar Chatfield's Jefferson County prosecution.

Chatfield's remaining claim alleging a failure to disclose exculpatory information is based on the premise that the Jefferson County prosecutions violated section 18–1–303(1)(b). Because we conclude that section 18–1–303(1)(b) did not bar the Jefferson County prosecutions, we need not address Chatfield's claim on this point.

### III.

In summary, we conclude that the district court erred in failing to address the merits of Chatfield's section 18–1–303(1)(b) claim. Although Chatfield's claim was improperly raised in his pro se habeas corpus petition, the district court should have treated this petition as a Crim.P. 35(c) motion since it alleged that Chatfield's conviction was obtained in violation of Colorado law. Further, Chatfield's claim is not barred by his previous efforts to obtain postconviction relief since no appellate court had ruled on the merits of his section 18–1–303(1)(b) claim. On the merits, we hold that section 18–1–303(1)(b) did not bar Chatfield's Jefferson County prosecutions since the dismissal of the federal charge against him did not amount to a former prosecution with preclusive effect under section 18–1–303(1)(b). Accordingly, based on our consideration of the merits of Chatfield's claim, we affirm the denial of Chatfield's petition.

VOLLACK and MULLARKEY, JJ., do not participate.