The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Maceo ROBINSON, Jr., Defendant–Appellee.

No. 87SA298.

Supreme Court of Colorado, En Banc.

June 5, 1989.

---

inapplicable to a defendant who, with knowledge that two cases based on conduct arising from the same criminal episode have been filed against him, fails to take steps to achieve consolidation of the two proceedings before entering a plea of guilty in the case first filed. We affirm.

On December 14, 1986, the defendant was served with two summons and complaint citations alleging offenses of driving under the influence of alcohol,[2] careless driving,[3] and leaving the scene of an accident after striking an unattended vehicle.[4] On December 15, 1986, the defendant was advised of his rights with respect to county court case No. 86T18252, which case contained those three charges. He was also advised of his rights at that time with respect to two other cases containing charges against him. In one of those cases, district court case No. 86CR2917, an information was filed with the trial court on December 22, 1986,[5] containing four counts: second degree kidnapping,[6] menacing,[7] and two counts of assault in the third degree.[8] The information was amended on January 7, 1987, to add two counts of crime of violence[9] and one count of aggravated robbery.[10] This appeal concerns the relationship between case No. 86CR2917 (the district court case) and case No. 86T18252 (the county court case).

On January 22, 1987, the defendant, pursuant to a plea agreement with the People, entered guilty pleas in the county court case to counts alleging driving under the influence and leaving the scene of an accident. The careless driving count was dismissed. The trial court then imposed concurrent sentences to the county jail of one hundred fifty days for the offense of driving under the influence and ninety days for

Barney Iuppa, Dist. Atty., Fourth Judicial Dist., Robert B. Harward, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's judgment dismissing a criminal information filed in the El Paso County District Court against the defendant, Maceo Robinson, Jr.[1] The trial court held that the People failed to comply with the compulsory joinder provisions of section 18–1–408(2), 8B C.R.S. (1986), and Crim.P. 8(a), and rejected the People's argument that the statute is

1. The appeal was filed pursuant to § 16–12–102(1), 8A C.R.S. (1986).

2. Section 42–4–1202(1)(a), 17 C.R.S. (1984 & 1986 Supp.).

3. Section 42–4–1204, 17 C.R.S. (1984 & 1986 Supp.).

4. Section 42–4–1404, 17 C.R.S. (1984 & 1986 Supp.).

5. The information was filed in the office of the Clerk of the District Court on December 23, 1986.

6. Section 18–3–302, 8B C.R.S. (1986).

7. Section 18–3–206, 8B C.R.S. (1986).

8. Section 18–3–204, 8B C.R.S. (1986).

9. Section 16–11–309, 8A C.R.S. (1986).

10. Section 18–4–302, 8B C.R.S. (1986).

the offense of leaving the scene of an accident.

In early February 1987, the defendant filed a motion to dismiss the district court case on the ground that the People failed to comply with the compulsory joinder provisions of section 18–1–408(2), 8B C.R.S. (1986), and Crim.P. 8(a). The trial court ultimately granted the motion on July 15, 1987, concluding that the offenses charged in the district court case arose from the same criminal episode giving rise to the offenses charged in the county court case.

The People do not challenge the trial court's conclusions that all the offenses charged in both cases arose from the same criminal episode and that all the offenses were known to the prosecution when the county court case was filed. The sole question raised by this appeal is whether the trial court erred in rejecting the People's argument that by failing to seek joinder of the two cases and by entering guilty pleas in the county court case the defendant in effect waived his right to rely on the compulsory joinder provisions of the statute and the rule. We reject this argument.

Section 18–1–408(2), 8B C.R.S. (1986), states in pertinent part as follows:

**Prosecution of multiple counts for same act.**

. . . .

(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

Crim.P. 8(a), containing almost identical language, establishes the procedure by means of which a defendant in criminal proceedings may request application of the statutory provisions.

The statute was adopted to protect an accused from the oppressive effect of sequential prosecutions for conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings. *People v. Patrick*, 773 P.2d 575, 577 (Colo.1989); *Corr v. District Court*, 661 P.2d 668, 671 (Colo.1983); *Jeffrey v. District Court*, 626 P.2d 631, 637 (Colo.1981). In *Jeffrey* we emphasized that the legislation was designed in part to enhance prosecutorial attention to the joinder issue. *Jeffrey*, 626 P.2d at 638.

The language of the statute is directed solely to the practice and administration of the office of the state's prosecuting officials. The language does not support the inference that the General Assembly intended to place any burden on an accused to assist the People in carrying out the purposes of the statute. Furthermore, the obligations created by the General Assembly are mandatory; failure of the prosecution to carry out those obligations prohibits subsequent prosecution for offenses that should have been charged in the initial case. *See Corr*, 661 P.2d at 675. Adoption of the People's argument would severely undermine the legislative intent to prevent piecemeal litigation such as occurred in this case.

We also noted in *Jeffrey* that the overriding purposes of the statute are achieved by focusing on prosecutorial knowledge "at that stage of the initial prosecution at which jeopardy commences." *Jeffrey*, 626 P.2d at 638. In the present case, the prosecution had knowledge of both cases when the county court case was filed on December 15, 1986; when the district court case was filed approximately one week later; and when it entered into a plea agreement in the county court case on January 22, 1987. However, at no time prior to the defendant's entry of pleas of guilty in the county court case did the People seek to consolidate the two proceedings.

The People suggest that the defendant impliedly waived his right to rely upon the statute and rule by entering pleas of guilty in the county court case with knowledge that the district court case was pending.

Initially, it must be observed that in this case the pleas were entered as part of a plea agreement in which the prosecution actively participated. Furthermore, as we have noted, the statute imposes obligations on the prosecution, not on the accused. Adoption of the People's theory would in effect encourage rather than discourage the filing of duplicative cases. Prosecutors would exercise less care in filing cases if they knew that an accused who is named a defendant in duplicative cases and who fails to inform in some timely manner the trial court or the prosecutor of that circumstance will be deemed to have waived any right to object to the People's failure to comply with the statute.

We find no support in the language of the statute for the People's argument and conclude that adoption of the rule advocated by the People would severely undermine the purposes sought to be accomplished by the legislative decision to define prosecutorial obligations when a defendant is subject to prosecution for several offenses that arose during the course of a single criminal episode. Accordingly, we find no error in the trial court's ruling.

The judgment of the trial court is affirmed.