**Steven Lawrence ZIPSE, Petitioner–
Appellant,**

**v.**

**COUNTY COURT FOR the COUNTY OF
JEFFERSON and the Honorable Roy G.
Olson, Jr., one of the Judges thereof,
Respondents–Appellees.**

No. 95CA0958.

Colorado Court of Appeals,
Div. II.

April 4, 1996.

Law Offices of Bruce P. Fierst, P.C., Bruce P. Fierst, Rodney G. Loomis, Denver, for Petitioner–Appellant.

David J. Thomas, Jefferson County District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Mignon H. Adolph, Deputy District Attorney, Golden, for Respondents–Appellees.

Opinion by Justice QUINN.*

Appellant, Steven Lawrence Zipse (Zipse), seeks review of a district court order denying his C.R.C.P. 106(a)(4) request to prohibit a subsequent prosecution based on the failure of the district attorney to comply with the compulsory joinder statute in 1994, § 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B). We affirm the order.

On March 20, 1994, Officer Hockman of the Arvada Police Department arrested Zipse and issued two summonses and complaints (Nos. AT47894 and AT48162) charging him with driving with excessive alcohol content, § 42–4–1202(1.5), C.R.S. (1993 Repl. Vol. 17), driving under the influence of alcohol, § 42–4–1202(1)(a), C.R.S. (1993 Repl.Vol. 17), and careless driving, § 42–4–1204(1), C.R.S. (1993 Repl.Vol. 17). Pursuant to the statutory simplified procedure for prosecution of misdemeanor offenses in county court, § 16–2–101, et seq., C.R.S. (1986 Repl.Vol. 8A), the summonses and complaints were filed in the Jefferson County Court. Sometime after Officer Hockman issued the summonses and complaints, he forwarded copies of these charging documents to the district attorney's office. The summonses and complaints required Zipse to appear in court on April 29, 1994, to answer the charges. These

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

charges became the subject matter of County Court Case No. 94T3728 (hereinafter referred to as the DUI case).

On March 26, 1994, Officer Engdahl of the Arvada Police Department issued Zipse a summons and complaint (No. AT48148) for failure to present evidence of insurance at an accident investigation. Section 42–4–1213(3), C.R.S. (1993 Repl.Vol. 17). This latter charge arose out of the same episode on which the DUI case was based and also was commenced under the statutory simplified procedural scheme. Officer Engdahl's summons and complaint required Zipse to appear in court on April 29, 1994, to answer the charge, and the charging document became the subject of County Court Case No. 94T4397 (hereinafter referred to as the NPOI case). A copy of Officer Engdahl's summons and complaint was given to the district attorney's office, but the date when that occurred is uncertain. The summons and complaint in the NPOI case contained the following notation:

> Def involved in DUI accident 3/20/94. The insurance proof he gave ... was found to have been cancelled 2/27/94. He was issued this summons 03/26/94 for not having insurance. see also AT 47894 & AT 48162.

On April 25, 1994, prior to the scheduled arraignment on both cases, Zipse's counsel mailed a written not guilty plea to the court in the DUI case and sent a copy of the not guilty plea to the district attorney's office. The written not guilty plea was received by the court on April 27, 1994, but there is no indication in the record when the copy of the not guilty plea was received by any prosecuting attorney in the district attorney's office.

On April 29, 1994, Zipse, through his attorney, and apparently in the absence of Zipse, entered a guilty plea in the NPOI case. The court assessed a fine and costs against Zipse and imposed a suspended jail sentence. A written notation on the sentence states that the court granted Zipse two weeks to pay the fine "so attorney can contact him." There is nothing of record showing that a prosecuting attorney from the district attorney's office appeared when Zipse's attorney entered a guilty plea on the NPOI case.

Zipse thereafter filed a motion to dismiss the DUI case on the ground that the compulsory joinder statute barred the subsequent prosecution of that case. In denying the motion, the county court found that the deputy district attorney responsible for both cases had no knowledge that separate cases had been filed and thus could not have joined all the charges in a single prosecution.

Upon denial of his motion to dismiss, Zipse filed a petition in the district court under C.R.C.P. 106(a)(4), in which he requested the district court to prohibit the county court from proceeding further in the DUI case. The district court denied the motion on the basis that the record supported the county court's ruling that the district attorney did not have knowledge of all the offenses or the opportunity to join them in a single prosecution. This appeal followed.

Zipse argues that the district attorney had actual or imputed knowledge of the separate cases which gave rise to a corresponding duty to join all charges in a single prosecution, and that the failure to so join the charges bars any further prosecution of the DUI case. We reject Zipse's argument.

In a district court proceeding under C.R.C.P. 106(a)(4), judicial review of a county court's ruling is limited to whether the county court exceeded its jurisdiction or abused its discretion under circumstances where there is no plain, speedy, or adequate remedy otherwise provided by law. An appellate court reviewing a district court's decision upholding the ruling of a county court on a motion to dismiss must consider whether the correct legal standard was applied by the county court in resolving the issue before it and whether there is sufficient evidentiary support for the county court's ultimate ruling. *City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995). The record before us supports the county court's decision in this case.

At the time of Zipse's prosecution, the controlling standard for the compulsory joinder requirement was contained in § 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B), which stated as follows:

If several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

Cases construing this statute have held that the following five elements must exist in order for the statutory bar to apply: (1) the defendant is charged with several offenses committed within the same judicial district; (2) the defendant is prosecuted in one criminal action on one or more but not all of the offenses; (3) the prosecutor knows of the several offenses at the commencement of the prosecution; (4) the several offenses arise from the same criminal episode; and (5) the offender was subjected to a single prosecution. *E.g., People v. Rogers,* 742 P.2d 912 (Colo.1987); *Corr v. District Court,* 661 P.2d 668 (Colo.1983); *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981). In this case only the third element, prosecutorial knowledge of the several offenses at the commencement of the prosecution, is at issue.

The supreme court has construed the element of prosecutorial knowledge to mean prosecutorial knowledge at the commencement of the jeopardy phase of the criminal prosecution. The court in *Jeffrey* elaborated on this element as follows:

The overriding purposes of the joinder requirement are achieved by a focus on prosecutorial knowledge at that stage of the initial prosecution at which jeopardy commences. If, at that point, the district attorney has knowledge of other offenses that could have been joined in a single prosecution under Crim.P. 8(a), and had sufficient opportunity to add the additional offenses by amendment under Crim.P. 7(e) or to consolidate separately filed cases into a single prosecution under Crim.P. 13, but took no action in that respect, the district attorney cannot thereafter prosecute the accused for other offenses based on the same act or series of acts arising from the same criminal episode. Such a rule not only protects an accused from unnecessary sequential prosecutions but also safeguards the 'ethical and diligent prosecutor from technical, arbitrary bans to subsequent prosecution of companion offenses discoverable too late to permit consolidation.' *II ABA Standards for Criminal Justice, Joinder and Severance,* Standard 13–2.3(c), commentary at 13.27–28 (2d ed.1980).

*Jeffrey v. District Court,* 626 P.2d at 638.

Deputy, chief deputy, and assistant district attorneys have all the powers of the district attorney. Sections 20–1–202, 20–1–204, & 20–1–207, C.R.S. (1986 Repl.Vol. 8B). Because deputy, chief deputy, and assistant district attorneys function only by virtue of the district attorney's authority, the official actions and knowledge of the deputy, chief deputy, and assistant district attorneys are imputable to the district attorney for purposes of the compulsory joinder requirement. *Corr v. District Court, supra; Jeffrey v. District Court, supra.* To say as much, however, does not mean that the actions and knowledge of police officers or non-attorney members of the district attorney staff are imputable to the district attorney for purposes of the mandatory joinder requirement.

In *Jeffrey,* the supreme court acknowledged that while the simplified statutory scheme for prosecuting misdemeanor offenses permits a police officer to initiate a criminal prosecution by issuing a summons and complaint, it is not likely that the district attorney would know of the initiation of criminal proceedings by the mere issuance of such a charging document. *See Jeffrey v. District Court, supra.* In the absence of contrary evidence, therefore, the fact that police officers issue separate summonses and complaints for multiple misdemeanor or petty offenses arising out of the same criminal episode provides no basis in fact or law to impute the knowledge of the separate offenses to the district attorney.

Nor are the actions and knowledge of non-attorney members of the district attorney's office—such as, for example, secretaries, stenographers, and other non-attorney

employees, *see* § 20–1–208, C.R.S. (1986 Repl.Vol. 8B)—imputable to the district attorney for purposes of the mandatory joinder requirement. Although the mailing of a copy of a written guilty plea to the district attorney's office may satisfy the service requirements for motion practice under Crim.P. 49, the mailing, in and of itself, does not provide adequate assurance that an attorney member of the district attorney's office will receive notice of the tendered guilty plea in sufficient time to evaluate the need to join other offenses in a single prosecution before the guilty plea is accepted by the court. *Jeffrey* makes clear that unless the district attorney at the jeopardy stage of a prosecution had knowledge of other offenses that could have been joined in a single prosecution and had sufficient opportunity to add the additional offenses or to consolidate separately filed cases into a single prosecution, the mandatory joinder bar of § 18–1–408(2) does not come into play. *Jeffrey v. District Court, supra.* We therefore conclude that the county court applied the correct legal standard of prosecutorial knowledge in resolving Zipse's motion to dismiss the DUI case.

█ We are also satisfied that there is sufficient evidentiary support for the county court's ruling on the motion to dismiss. The record shows that the two police officers, not a prosecuting attorney, initiated the separate prosecutions forming the basis of the DUI case and the NPOI case. Although copies of the charging documents in these cases might have been forwarded to the district attorney's office at some time prior to Zipse's guilty plea, there is no evidence demonstrating that an attorney member of the district attorney's staff was made aware of, or reasonably should have been aware of, these documents sufficiently in advance of Zipse's entry of a guilty plea to permit the consolidation of the DUI case and the NPOI case in a single prosecution.

The same holds true of the copy of Zipse's tendered written guilty plea in the NPOI case. That document was addressed to the district attorney's office and placed in the mail on April 25, 1994. The record, however, is devoid of any evidence establishing a date of receipt or, more importantly, demonstrating that an attorney member of the district attorney's staff was aware of, or reasonably should have been aware of, the nexus between Zipse's tendered guilty plea and the DUI case.

The factual record in this case is in sharp contrast to the facts in *People v. Robinson,* 774 P.2d 884 (Colo.1989). In *Robinson,* the prosecuting attorney, with knowledge of pending felony and misdemeanor cases, which arose from the same criminal episode, made no effort to consolidate the cases and permitted the defendant to plead guilty to the misdemeanor case, with the result that the compulsory joinder statute barred any subsequent prosecution of the felony case. In contrast to *Robinson,* the reasonable inference from the record here, and the one obviously drawn by the county court, is that prior to and at the time of Zipse's guilty plea in the NPOI case, neither the district attorney nor any attorney member of his staff knew, or reasonably should have known, that the NPOI charge to which Zipse intended to plead guilty arose out of the same criminal episode as the DUI case. *See Jeffrey v. District Court, supra.* What the record does show is that when the prosecuting attorney responsible for the DUI case first became aware of Zipse's guilty plea in the NPOI case, it was "too late to permit consolidation" of both cases in a single prosecution. *See Jeffrey v. District Court, supra,* 626 P.2d at 638. In light of the record before us, we are satisfied that the county court properly exercised its factfinding prerogative in determining that the "prosecutorial knowledge" element of the compulsory joinder bar was not satisfied in this case. To conclude otherwise would result in creating the very type of technical and arbitrary ban to a subsequent prosecution against which the supreme court cautioned in *Jeffrey.*

The order of the district court is accordingly affirmed, and the case is remanded to that court with directions to return the case to the county court for further proceedings.

HUME and DAVIDSON, JJ., concur.